[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 20, 2004**
**THOMAS K. KAHN**
**CLERK**

_____

No. 02-16794

_____

D.C. Docket No. 01-04572-CV-KMM


FOUR SEASONS HOTELS AND RESORTS, B.V.,
FOUR SEASONS HOTELS (BARBADOS),
FOUR SEASONS HOTELS LIMITED,
FOUR SEASONS CARACAS, C.A.,

Plaintiffs-Appellants,

versus

CONSORCIO BARR S.A.,

Defendant-Appellee.


_____

No. 03-13418

_____

D.C. Docket No. 02-23249-CV-KMM


FOUR SEASONS HOTELS AND RESORTS, B.V.,
FOUR SEASONS HOTELS LIMITED,
FOUR SEASONS CARACAS, C.A.,

versus

CONSORCIO BARR S.A.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2004)**

Before WILSON, FAY and MESKILL[*], Circuit Judges.

MESKILL, Circuit Judge:

These consolidated cases raise the question whether arbitration is proper where the courts of the country whose substantive law applies to the arbitration have ruled that arbitration is improper. We hold that the district judge erred in concluding that a party's participation in an arbitral proceeding constitutes a waiver of that party's right to challenge the arbitral award in court. Accordingly, we vacate the district court's order confirming the arbitral award, docket number 03-13418, and remand for further proceedings. Additionally, we dismiss as moot

---

[*] Honorable Thomas J. Meskill, United States Circuit Judge for the Second Circuit, sitting by designation.

the appeal in the consolidated case, docket number 02-16794.

FACTS

Consorcio Barr, S.A. (Consorcio), a Venezuelan corporation, and Four Seasons Hotels, Ltd., Four Seasons Hotels (Barbados), Ltd., Four Seasons Hotels and Resorts B.V., and Four Seasons Caracas, C.A. (collectively "Four Seasons"), have a business relationship relating to the operation and management of a hotel complex located in Venezuela. Put simply, Consorcio built a hotel and hired Four Seasons to run it. The relationship between the parties is governed by a number of written agreements, each of which contains an arbitration clause.[1] The parties agreed that Venezuelan substantive law would apply in any arbitration.

Almost from the start, a series of disputes arose between the parties. Four Seasons brought an action in the United States District Court for the Southern District of Florida, Moore, J., regarding certain non-arbitrable claims.[2] Shortly thereafter, Four Seasons also invoked the arbitration clauses and convened an arbitral panel in Miami, Florida, to resolve various other disputes. Consorcio

---

[1] Consorcio maintains that the arbitration provision does not require submission to arbitration with respect to all disputes, particularly those concerning the question whether the dispute is amenable to arbitration, whereas Four Seasons maintains that the parties agreed to arbitrate all disputes.

[2] The parties agree that under one of the contracts -- the Hotel Licensing Agreement -- Four Seasons was permitted to pursue certain claims in United States courts, notwithstanding any agreement to arbitrate other disputes.

3

defended before the arbitral panel on the ground that arbitration was improper. Additionally, Consorcio initiated litigation in Venezuela, seeking a ruling in that forum that arbitration was improper.

In its district court action, Four Seasons moved for a preliminary injunction compelling Consorcio to submit to arbitration and withdraw any related cases pending in Venezuela. Four Seasons argued that any suits initiated by Consorcio in Venezuela were precluded by the arbitration provisions in the contracts. In an unpublished opinion, the district court denied the motion. Four Seasons appealed. For the sake of ease, we refer to this appeal throughout the opinion as the "preliminary injunction case."

Subsequently, the arbitral panel issued a "partial arbitral award" requiring Consorcio to submit to arbitration and to withdraw any related Venezuelan actions. However, a Venezuelan court issued an opinion that the disputes at issue in the arbitral proceeding did not come within the parties' arbitration agreement.[3] Consequently, the Venezuelan court held that arbitration of the disputes was improper.

---

[3] According to Consorcio, the Venezuelan court held that the dispute at issue related to real property and that, under Venezuelan law, real property disputes may only be arbitrated if the intent to arbitrate those disputes is unambiguous in the contract. The court then undertook an analysis of the contract and found that the parties' intent was ambiguous. It held, therefore, that arbitration was improper under Venezuelan law. Four Seasons does not appear to dispute this characterization of the Venezuelan court's ruling.

4

Four Seasons then filed a new case in the Southern District of Florida, which was also assigned to Judge Moore, in which it sought confirmation of the arbitral award. In this new proceeding, Consorcio argued against confirmation of the award, primarily on the ground that a Venezuelan court had ruled that the case was not to be arbitrated. The district judge held in favor of Four Seasons and confirmed the partial arbitral award. *Four Seasons v. Consorcio*, 267 F.Supp.2d 1335 (S.D. Fla. 2003). In particular, he held that Consorcio's participation in the arbitral proceeding precluded it from challenging the award in federal court. Consorcio appealed. We refer to this second appeal as the "confirmation case."

We consolidated the appeals because they raise essentially the same question: should the disputes currently before the arbitral panel proceed in the arbitration forum, or should they be resolved in Venezuelan courts?

DISCUSSION

Four Seasons maintains that the district court erred in refusing to grant the preliminary injunction compelling Consorcio to proceed before the arbitral panel and to withdraw its cases pending in Venezuela. However, Four Seasons contends that the district court subsequently cured this error by confirming the partial arbitral award. Consorcio maintains that the district court properly denied the motion for a preliminary injunction, but subsequently erred by confirming the

5

award.

I. Consorcio's Appeal in the Confirmation Case

The confirmation case is governed by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, *reprinted in* 9 U.S.C. § 201 note (2002). Article V of the Convention contains exceptions to the general rule that courts must confirm international arbitral awards. Article V states:

> **1**. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
> **(a)** The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
> **(b)** The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
> **(c)** The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
> **(d)** The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

**(e)** The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

**2.** Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

**(a)** The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

**(b)** The recognition or enforcement of the award would be contrary to the public policy of that country.

Convention, art. V.

On appeal, Consorcio makes three primary arguments against confirmation of the award. First, it asserts that confirmation was improper under Article V(1)(c) because the parties did not agree to arbitrate the question of arbitrability. Second, pursuant to Article V(2)(b), Corsorcio argues that the partial arbitral award amounts to an "anti-suit injunction," the issuance of which violates public policy. Third, Consorcio contends that Article V(1)(a) precludes confirmation of the award because Venezuelan courts have already held that, under Venezuelan law, there was no agreement to arbitrate. Additionally, Consorcio maintains throughout that Judge Moore erred in holding that Consorcio waived its right to challenge the arbitral award by participating in the arbitration proceeding.[4]

---

[4] In addition to these primary arguments, Consorcio includes a footnote buried in its brief purporting to "incorporate[] the [additional] arguments it presented below" that it was unable, "due to space limitations, to include" in its appellate brief. It does not appear that this Circuit has squarely addressed the practice of "incorporating by reference" arguments made elsewhere, and

7

a. <u>The Scope of the Arbitral Panel's Authority</u>

The partial arbitral award is based on the panel's decision that the contracts between the parties gave the panel exclusive authority to arbitrate the issue of arbitrability. In other words, the arbitral panel concluded that, under the contracts, the courts of Venezuela do not have the power to determine whether the dispute should be sent to arbitration or resolved elsewhere. Consorcio argues that the panel exceeded the scope of its authority under the contracts because they

---

so we now take the opportunity to do so.

By attempting to "incorporate" all of the arguments it made below, and thus exhorting this panel to conduct a complete review of its district court brief, Consorcio, in the words of a sister Circuit, "invites us to unearth its arguments lodged . . . in the [] appendix, leaving it to us to skip over repetitive material, to recognize and disregard any arguments that are now irrelevant, and to harmonize the arguments" it has made at various stages of litigation. *Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 452 (6th Cir. 2003). In addition, Consorcio attempts, in effect, to add twenty-five additional pages of lower court briefing to its forty-two page appellate brief. This makes a mockery of our rules governing page limitations and length, the very rules Consorcio claims to follow.

Further, Consorcio's request that we ferret out and review any and all arguments it made below -- without explaining which ones may have merit and where the district judge may have erred -- clearly runs afoul of various Federal Rules of Appellate Procedure. For instance, a brief must include the "argument, which must contain . . . [the] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Fed. R. App. P. 28(a)(9). Mere citation to documents in the appendix does not meet these requirements. Additionally, the brief must include a "statement of the issues presented for review." Fed. R. App. P. 28(a)(5). Although Consorcio does include such a statement, the statement does not refer to any of the supposedly incorporated arguments.

Succinctly stated, Consorcio attempts to both bypass the rules governing space limitations and transfer its duty to make arguments to the judges of this panel. We now take the opportunity to join the many other Circuits that have rejected the practice of incorporating by reference arguments made to district courts, and we hold that Consorcio has waived the arguments it has not properly presented for review. *See Northland Ins. Co.*, 327 F.3d at 452-53 (explaining the impropriety of the practice and adopting the position of the First, Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits, all of which reject the practice.)

8

expressly provide that courts should decide the scope of the arbitral panel's authority if a party seeks such a determination.

Article V(1)(c) of the Convention provides that arbitral awards should not be confirmed where "the award deals with a [dispute] . . . not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration." In other words, if the parties did not agree in the contracts to submit certain disputes to arbitration, then arbitral awards purporting to resolve those disputes should not be confirmed.

At bottom, the dispute between the parties hinges on the language of the contracts themselves. The provision in dispute, which appears identically in each of the four contracts at issue, states that the parties may seek, in court, "such mandatory, declaratory, or injunctive relief as may be necessary to define or protect the rights and enforce the obligations contained in this [contract] pending the settlement of a [d]ispute in accordance with the arbitration procedures set forth [elsewhere in this contract]." Consorcio understands this to mean that the parties may resort to courts to resolve whether a dispute is arbitrable. However, Four Seasons reads the provision to mean, in context, that courts may become involved only to support the work of the arbitral panel or to resolve disputes that cannot be resolved by the arbitral panel due to time constraints, for instance if the panel has

9

not yet been convened and the dispute must be resolved immediately.

Because Consorcio failed to raise its argument that the language of the contracts prohibits the arbitral panel from determining the arbitrability, we decline to address the merits of its argument. *Formby v. Farmers & Merchants Bank*, 904 F.2d 627, 634 (11th Cir. 1990) ("As a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal.") (internal quotation marks and citations omitted). Nowhere in its twenty-five page district court brief did Consorcio cite to Article V(1)(c) as a basis for refusing to confirm the award; instead, Consorcio cited to, and offered arguments based on, Article V(1)(a) (allowing courts to reject arbitral awards where they are not valid under the law to which the parties have subjected them), Article V(1)(e) (allowing courts to reject arbitral awards where a competent authority has suspended them), and Article VI (allowing courts to stay arbitral awards where an application to set aside or suspend the award has been made to a competent authority). Similarly, nowhere in its district court brief did Consorcio cite to any of the various cases that support its current contention that courts should not assume that the parties agreed to arbitrate the issue of arbitrability unless the contract explicitly includes such a provision. Likewise, nowhere in its district court brief did Consorcio even quote or cite the contractual language on which it now bases its entire argument.

10

Undeterred by its district court brief's failure to cite to the statutory provision, precedents, and contractual language that it now asks us to consider, Consorcio maintains that it properly argued its position below and refers us to a paragraph of its district court brief designated "III(A)(3)(f)." This subsection reads, in pertinent part:

> **The Arbitral Tribunal exceeded its power and the Partial Award offends notions of international comity:** Although this consideration is normally [only] a basis for vacatur of a domestic arbitral award . . . and therefore does not apply to a non-domestic award such as the one at issue here, the Arbitral Panel has so clearly exceeded its authority in this case that this fundamental arbitration policy should be taken into consideration as a basis to deny Petitioners' Motion and stay enforcement of the Partial Award. With the full knowledge that Venezuelan law applies to the agreements in question here, and that Venezuelan courts have found that the arbitration agreements violate Venezuelan law, the Arbitral Tribunal not only proceeded with arbitration but also rendered this interim decision. By doing so, the Arbitral Tribunal completely disregarded the law that governs the arbitration agreements, as well as the authority of Venezuelan courts to interpret it. In addition, while recognizing that Venezuelan law applies, the Arbitral Tribunal insists in its Partial Award that it is empowered to usurp the power, jurisdiction, and authority of the Venezuelan courts and order [Consorcio] to withdraw all of its pending actions there. The arbitrators' power in this case was, by agreement of the parties, limited by Venezuelan law. They have chosen to ignore this fact. Such conduct clearly exceeds the power granted to them. In addition, this attempts to override decisions already made on the same issues by a court of competent jurisdiction in Venezuela, a shocking offense to international comity. These factors should be considered by the Court as weighing in favor of denying Petitioners' Motion.

11

Nothing in this lone paragraph could have possibly alerted the district judge to the argument that Consorcio makes on appeal, namely, that the parties to the contract included a provision in the contract limiting the scope of the arbitral panel's authority to determine the arbitrability of the dispute. Rather, the argument made in this paragraph, as far as we can discern, is that because (1) the parties agreed that the arbitral panel should apply Venezuelan law, and (2) Venezuelan courts had already determined that the dispute was not amenable to arbitration, the arbitral panel exceeded its authority by improperly construing Venezuelan law. In other words, Consorcio argued below that the panel exceeded its authority *under Venezuelan law*; but it did not argue that the panel exceeded its authority *under the language of the contracts* governing which disputes would be arbitrated.

Perhaps most important, the language of paragraph (f) of Consorcio's district court brief expressly *disclaims* reliance on any statutory basis for refusal to confirm the award. The opening sentence states that the basis for rejecting the arbitral award discussed in the paragraph "does not apply to a non-domestic award such as the one at issue here" and only finds statutory authority in the domestic award context. As the district judge correctly held, the statutory provisions governing when a district court must refuse to confirm a non-domestic arbitral

12

award are exclusive, and thus non-statutory defenses may not be entertained. *Indus. Risk Ins. v. M.A.N. Gutehoffnungshutte*, 141 F.3d 1434, 1443 (11th Cir. 1998). Consorcio's express repudiation of a statutory basis for refusing to confirm the award for the reasons expressed in paragraph (f) was more than sufficient to indicate to the district judge that it was <u>not</u> making an argument based on Article V(1)(c).

We do not suggest, of course, that the absence of citation to statutory authority and precedent or the inartful wording of a brief necessarily will require us to conclude that a party has waived an argument. To be clear, it is not our position that Consorcio waived its argument because it did not *sufficiently* raise it below; rather, the considerations discussed above, taken together, cause us to conclude that Consorcio did not previously raise the issue *at all*. Therefore, we decline to address it for the first time on appeal.

b. <u>Public Policy Considerations</u>

Under Article V(2)(b) of the Convention, a court may deny confirmation of an arbitral award if "recognition or enforcement of the award would be contrary to the public policy of [the country where recognition and enforcement is sought]." Convention, art. V(2)(b). Consorcio argues that the district court should not have confirmed the award because it is against the United States' public policy favoring

13

international comity.  Specifically, Consorcio argues that the arbitral award is an "anti-suit injunction" that violates international comity by prohibiting a Venezuelan citizen from filing suit in Venezuela despite a Venezuelan court's determination that Venezuelan courts alone have authority to resolve the dispute.

Just as with its Article V(1)(c) argument, we decline to address the merits of Consorcio's claim because the claim was not raised below.  Consorcio's district court brief makes no mention of an Article V(2)(b) basis for refusal to confirm the award.  Similarly, it cites to no cases in support of the contention that arbitral awards such as this one should not be enforced on public policy grounds.  Indeed, the brief below did not describe the arbitral award as an anti-suit injunction or even mention the phrase "public policy" in connection with any argument against the confirmation of the award.

Once again, Consorcio refers us to paragraph III(A)(3)(f) and argues that, in addition to raising an Article V(1)(c) defense, this very same (and apparently very versatile) paragraph also raised an Article V(2)(b) defense.  In particular, Consorcio points us to one sentence from paragraph (f), which states, in its entirety: "In addition, this attempts to override decisions already made on the same issues by a court of competent jurisdiction in Venezuela, a shocking offense to international comity."  We cannot see how this single sentence from a twenty-five

14

page brief, without citation, argument, or context provided by Consorcio could be said to have alerted the district judge that Consorcio meant to maintain a public policy argument. More important, as discussed above, Consorcio expressly repudiated any statutory basis for its paragraph (f) arguments. For these reasons, we decline to address this argument for the first time on appeal.

c. <u>Effect of Consorcio's Participation in the Arbitral Proceeding</u>

Consorcio argued below that, pursuant to Article (V)(1)(a), the award should not be confirmed. Article V(1)(a) states that a court may refuse to confirm an award if, *inter alia*, "the [arbitration] agreement is not valid under the law to which the parties have subjected it." Convention, art. V(1)(a). Consorcio argued that a Venezuelan court has determined that the arbitration agreement is not valid under Venezuelan law, the substantive law that the parties agreed would apply in any arbitration. The district judge rejected this argument on the grounds that Consorcio had participated in the arbitral proceeding and had therefore waived its right subsequently to challenge the panel's decisions. Consorcio argues on appeal that a party's participation in an arbitral proceeding does not constitute a waiver by that party of its right to challenge the proceeding in federal court.

We agree with Consorcio that it is not precluded from challenging the panel's decision merely because it participated in the arbitral proceeding. If we

15

adopted the district court's position, a party facing arbitration would be in an untenable position. On the one hand, it could refuse to participate in the arbitral proceeding altogether to preserve its ability to challenge any adverse ruling in court; by doing so, however, the party would effectively forfeit any ability to present the merits of its case to the arbitrators. On the other hand, if the party were to participate in the proceeding, it would lose any ability to challenge the arbitrator's ruling. Nothing in the Convention suggests that parties must make such a choice, and we can find no case that supports this preclusive rule.[5]

For this reason, we remand this case to the district court so that it may consider for the first time the merits of Consorcio's argument that the Venezuelan court's ruling favors non-confirmation of the award. We note that, even if the

---

[5] The primary case relied on by the district court, *Slaney v. Int'l Amateur Athletic Fed'n*, stands for the proposition that a party may not challenge an arbitral award in federal court on the ground that there was no agreement to arbitrate if the party did not seek to prevent the arbitration in the first place. 244 F.3d 580, 591 (7th Cir. 2001) (The person opposing enforcement of the award "had the opportunity to show that she had never agreed to arbitrate the dispute when she was notified of the abritration, but she let that opportunity pass. [She] could not sit back and allow the arbitration to go forward, and only after it was all done . . . say: oh by the way, we never agreed to the arbitration clause. . . . If a party willingly and without reservation allows an issue to be submitted to arbitration, he cannot await the outcome and then later argue that the arbitrator lacked authority to decide the matter.") (internal quotation marks and citations omitted). Here, however, Consorcio argued almost from the very beginning of the arbitral proceeding that the panel did not have the authority to arbitrate the dispute. In addition, Consorcio filed suit in Venezuela to prevent the arbitration from proceeding. It cannot be said that Consorcio "willingly and without reservation" submitted to the arbitration. On the contrary, it did virtually everything within its power to prevent the arbitration from going forward. Therefore, it may press its argument in a defense against confirmation.

16

court finds that Article V(1)(a) applies, the court must exercise its discretion to determine whether confirmation nevertheless is appropriate.[6] The court should balance the Convention's policy favoring confirmation of arbitral awards against the principle of international comity embraced by the Convention. *Europcar Italia, S.P.A. v. Maiellano Tours*, 156 F.3d 310, 317-18 (2d Cir. 1998) (identifying non-exclusive factors that a court should consider).[7]

---

[6] The Convention states that "[r]ecognition and enforcement of the award <u>may</u> be refused . . . if," inter alia, "(a) . . . [the] [arbitration] agreement is not valid under the law to which the parties have subjected it" -- in this instance, Venezuelan law. Convention, art. V (emphasis added). The permissive "may" indicates that, notwithstanding the applicability of a defense against confirmation, courts retain the discretion to confirm the arbitral award. *See Karah Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 367 and n.43 (5th Cir. 2003) ("[A]n American court and courts of other countries have . . . permitted [the] enforcement [of arbitration awards] despite prior annulment in [other countries]."); Leonard V. Quigley, <u>Accession by the United States to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards</u>, 70 Yale L.J. 1049, 1066 (1961) ("Article V lists five grounds upon which the award <u>may</u> be refused recognition and enforcement upon the request of the defendant.") (emphasis added).

[7] We note that at oral argument the parties indicated that the Venezuelan decision prohibiting arbitration is currently on appeal. Under the circumstances, the district court may consider whether staying the enforcement action is appropriate in order that it may have the benefit of the Venezuelan courts' full and final decisions on the matter and to avoid unnecessarily duplicative litigation. *Europcar*, 156 F.3d at 316-318 (discussing the circumstances under which a court may adjourn or stay proceedings pursuant to Article VI of the Convention). Although the Convention does not expressly provide for entry of a stay in the Article V(1)(a) context, a district court nevertheless retains the inherent authority to issue a stay for the purposes of managing its own docket. *See Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 106 (1st Cir. 1995) (concluding that a district court may consider staying a case in broader circumstances than those found in Article VI of the Convention, but cautioning that the power to stay should be used judiciously). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The [d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket."). The court should consider "the status of the [Venezuelan] proceedings and the estimated time for those proceedings to be resolved," the "balance of the possible hardships to each of the parties," and "any other circumstances that could tend to shift the balance in favor of

17

II.   Four Seasons' Appeal from the Denial of a Preliminary Injunction, Case No. 02-16794

Four Seasons' appeal from the denial of its motion for a preliminary injunction is moot because the confirmation case clearly controls the issue of whether Consorcio may proceed in Venezuela. If the district court concludes that confirmation is appropriate, then Four Seasons will have achieved precisely what it sought in its motion for a preliminary injunction. If, on the other hand, the district court concludes that confirmation is inappropriate as a result of the Venezuelan court's ruling prohibiting arbitration, then a preliminary injunction prohibiting Consorcio from proceeding in Venezuela would obviously also be inappropriate. Accordingly, we dismiss as moot Four Seasons' appeal in the preliminary injunction case and vacate the underlying judgment. *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). ("When a case becomes moot after the district court enters its judgment but before this court has issued a decision, we are divested of jurisdiction and must dismiss the appeal and vacate the underlying judgment.").

CONCLUSION

For these reasons, we **VACATE and REMAND** the district court's

---

or against [staying the case]." *Europcar*, 156 F.3d at 317-18.

decision confirming the partial arbitral award, docket number 03-13418. Further,

we **DISMISS** Four Seasons' appeal in the preliminary injunction case, docket

number 02-16794, and the district court's underlying order in that case is

**VACATED**.