[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-13829
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 07, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-01089-CV-TWT-1

RANDALL GERALD EVANS,

                                        Plaintiff-Appellant,

                    versus

MILTON BUDDY NIX,
Chairman,
JOAN MURRAY,
Chief Parole Officer,
STATE BOARD PARDONS PAROLES,
DAVID CLIPPARD,
PAROLE OFFICER,

                                        Defendants-Appellees.

----------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------

**(May 7, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Randall Gerald Evans, a Georgia state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim, under 28 U.S.C. § 1915A. Evans brought his case against Milton Nix, Chairman of the Georgia Board of Pardons and Paroles (the "Board"), Joan Murray, Chief Parole Officer, the Board, and David Clippard, his parole officer (collectively, the "Defendants"). No reversible error has been shown; we affirm.

We review de novo a district court's sua sponte dismissal of a suit for failure to state a claim for relief under section 1915A. Harden v. Pataki, 320 F.3d 1289, 1292 (11th Cir. 2003). A plaintiff fails to state a claim when it is beyond doubt that he can prove no set of facts supporting his claim that would entitle him to relief. Brower v. County of Inyo, 109 S.Ct. 1378, 1382 (1989). We view all fact allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). In addition, we liberally construe pro se pleadings.[1] Id. at 1350. To state a claim for relief based on 42 U.S.C. § 1983, "[plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the

---

[1]Like the district court, we liberally construe Evans's complaint as challenging how his parole was revoked. To the extent that Evans seeks release from custody through his section 1983 complaint, his claims are barred. See Wilkinson v. Dotson, 125 S.Ct. 1242, 1247 (2005).

United States, and that the alleged deprivation was committed under color of state law."  American Mfrs. Mut. Ins. Co. v. Sullivan, 119 S.Ct. 977, 985 (1999).

On appeal, Evans argues that he was denied due process when (1) he did not receive a preliminary parole hearing; (2) he was not permitted to review documents or confront witnesses at his final parole revocation hearing; (3) he was not provided with notice of the alleged parole violations addressed at his revocation hearing; and (4) false statements were made at his hearing.  Each of these claims lacks merit.[2]  The Board was not required to provide Evans with a preliminary hearing because Evans's parole was revoked for reasons including a subsequent criminal conviction.  See United States v. Cornog, 945 F.2d 1504, 1512 (11th Cir. 1991) (a preliminary hearing is not required when revocation results from a subsequent criminal conviction because the conviction provides cause to believe the parolee violated the terms of his parole).

---

[2]In addition, Evans argues that his revocation hearing was not held "within 60 calendar days" pursuant to Board Policy Statement 1.106.1, which Evans attached to his brief on appeal.  Because Evans did not raise this argument to the district court, we decline to address it.  See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 377 F.3d 1164, 1168-69 (11th Cir. 2004).  Evans also asserts that confiscation of his vehicle, keys, and driver's license by his parole officer -- which occurred in 2001 -- "would show the conduct of parole officials."  To the extent that Evans's statement raises a constitutional claim, his claim is barred by Georgia's two-year statute of limitations applicable to section 1983 cases.  See Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  We also note that Evans has not reasserted that Defendants violated his right to be free from cruel and unusual punishment; therefore, this argument is abandoned.  See Lambrix v. Singletary, 72 F.3d 1500, 1506 n.11 (11th Cir. 1996).

And although Evans signed a "Waiver of Final Hearing," he received a final revocation hearing. Evans received notice of his alleged parole violations in his waiver form (and again at his hearing); was informed by his parole officer of the evidence against him; presented witnesses at his hearing; and had the opportunity to challenge the testimony of the only witness against him -- his parole officer -- through discussion of his alleged parole violations with the hearing officer.[3]

In addition, we conclude that Evans is unentitled to relief based on his assertion that false statements were made during his hearing. Evans does not elaborate on this claim; but, even if we assume that Evans raises the argument presented to the district court -- that his parole officer falsely testified about Evans's past criminal charges -- we conclude, after a careful review of the record,

---

[3]We agree with the district court that Evans's argument about involuntarily signing the hearing waiver form is mooted by Evans receiving a revocation hearing that satisfied these minimum requirements of due process:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 92 S.Ct. 2593, 2604 (1972). And to the extent that Evans contends that his hearing was not the reconsideration hearing discussed in his waiver, this argument is without merit because the Board considered the same seven violations at the hearing as were listed in Evans's waiver.

that this claim is untenable.[4] And to the extent that Evans asserts that the provision of Ga. Code Ann. § 42-9-45(b) that applies to inmates serving misdemeanor sentences should have affected his parole eligibility, this provision did not apply to Evans because his underlying conviction was for burglary: a felony. Evans has failed to state a due process claim.

Evans also argues that the district court erred in dismissing his right to counsel claim. Evans acknowledges that counsel was unnecessary at his hearing because he expected to be sent to an alcohol treatment center; but he asserts that this act has not occurred.

We agree with the district court that the assistance of counsel was not required in this case. Whether a lawyer should be provided to an indigent defendant at a parole hearing depends on the facts and circumstances of the particular case. Gagnon v. Scarpelli, 93 S.Ct. 1756, 1763-64 (1973). Although "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings," counsel should be provided in these circumstances:

---

[4]For example, Evans's parole officer testified that Evans was arrested for battery but that the charge had been dead docketed; Evans admitted to being arrested on that charge at his habeas hearing. The parole officer also testified that Evans was convicted of driving under the influence ("DUI") and "false report of a crime" but that related charges were nolle prossed. Evans admitted during his revocation hearing that his DUI conviction was on appeal.

where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

Id. Here, Evans has not asserted that the Board failed to inform him of his right to request counsel or that the Board failed to provide him with a lawyer after he requested representation. Because Evans did not request a lawyer based on a colorable claim that he did not commit his parole violations or that substantial and complex reasons mitigated the violations, he did not state a right to counsel claim.

We next address Evans's claim that he was denied access to courts when the State did not compel his parole officer to testify about Evans's final hearing waiver at his habeas and mandamus proceedings, where he sought relief from parole revocation. To the extent that Evans argues that his parole officer's failure to testify about the waiver prevented Evans from raising certain claims in state court, this claim is meritless because the record shows that Evans's waiver was presented to the state habeas court. In addition, the habeas court referenced the revocation hearing testimony given by Evans's parole officer about the waiver. The district court did not err in concluding that Evans failed to bring an access-to-

courts claim. See Lewis v. Casey, 116 S.Ct. 2174, 2179-82 (1996) (an inmate alleging an access-to-courts violation must show actual injury).

We turn to Evans's assertion that the Board's retroactive application of Georgia's recidivist statute, Ga. Code Ann. § 17-10-7(c), presents ex post facto and due process violations. This argument is squarely foreclosed by our decision in Metheny v. Hammonds, 216 F.3d 1307 (11th Cir. 2000), which addressed the precise claims that Evans raises here.[5]

We affirm the district court's dismissal of Evans's complaint for failure to state a claim.

AFFIRMED.

_____

[5]We also reject Evans's arguments that the district court erred in failing to (1) consider all of Evans's exhibits; (2) make factual findings or offer conclusions of law on the alleged illegality of an Assistant State Attorney General submitting proposed orders in state court on Evans's case; and (3) make findings on Evans's mental status during his revocation proceedings. In making the last argument, Evans references a separate part of his appellate brief that discusses the allegation that his hearing waiver was involuntary. The exhibits cited by Evans did not materially aid the district court in its review of whether Evans's complaint stated a claim; and Evans did not allege facts showing that Defendants were involved with the alleged acts of an Assistant State Attorney General. In addition, the district court -- which determined that the validity of Evans's hearing waiver was moot because Evans received a final hearing that afforded him the rights guaranteed by the Constitution -- essentially decided that Evans's mental status on this issue was immaterial.