[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16351
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-23249-CV-KMM

FOUR SEASONS HOTELS AND RESORTS, B.V.,
FOUR SEASONS HOTELS LIMITED,
FOUR SEASONS CARACAS, C.A.,

Plaintiffs-Appellees,

versus

CONSORCIO BARR, S.A.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 14, 2008)**

Before TJOFLAT and CARNES, Circuit Judges, and HODGES,[*] District Judge.

_____

[*]Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

TJOFLAT, Circuit Judge:

For the second time, Consorcio Barr, S.A. ("Consorcio"), appeals a district

court order confirming a partial arbitration award in favor of Four Seasons Hotels

and Resorts, B.V., Four Seasons Hotels Limited, and Four Seasons Hotels

Caracas, C.A. (collectively "Four Seasons"), made by an international arbitration

panel sitting in Miami, Florida.[1] On July 20, 2004, in Four Seasons Hotels &

[1] On April 9, 1997, these parties – all of them foreign – entered into five agreements whereby Four Seasons would operate a hotel for Consorcio in Caracas, Venezuela. The parties' relationship eventually soured, and on November 6, 2001, Four Seasons sued Consorcio in the United States District Court for the Southern District of Florida for breach of their Hotel Licensing Agreement based on Consorcio's violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030 ("CFAA"), the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688.001-.009 ("FUTSA"), and the Lanham Act, 15 U.S.C. §§ 1051 et seq. At the conclusion of a bench trial, the district court gave Four Seasons damages. Consorcio appealed, and we affirmed in an unpublished opinion. See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., No. 03-16189 (11th Cir. March 31, 2005) (affirming the district court's judgment of liability against Consorcio for breach of the License Agreement, and for violation of the CFAA, FUTSA, and Lanham Act).
    Meanwhile, on November 30, 2001, Four Seasons initiated arbitration proceedings against Consorcio in Miami, Florida, for breach of the four remaining agreements: Hotel Management Agreement, Hotel Services Agreement, Hotel Advisory Agreement, and Hotel Pre-opening Services Agreement (collectively "agreements").
    On November 22, 2001, Consorcio sued Four Seasons Caracas for breach of the Hotel Management Agreement in Caracas, Venezuela. On November 15, 2002, the Tenth Civil, Commercial and Traffic Court of First Instance in and for the Caracas Metropolitan Judicial District ("Court of First Instance") struck down as vague the arbitration agreement that was before us in Four Seasons Hotels & Resorts v. Consorcio Barr, S.A., 377 F.3d 1164 (11th Cir. 2004), and is before us in this appeal. Court of First Instance November 15, 2002 Opinion, No. 26939 at 8. Four Seasons Caracas appealed that decision to the final Venezuelan authority on jurisdiction, the Supreme Court of Justice, Political Administrative Division ("Political Administrative Court"). On March 25, 2003, that court held that the arbitration agreement did not "eliminat[e] the jurisdiction [of] the Venezuelan courts to hear the case at hand," implying

Resorts v. Consorcio Barr S.A., 377 F.3d 1164 (11th Cir. 2004), we vacated the first confirmation order and remanded the case with a narrow mandate to the district court: determine whether Consorcio has shown that the arbitration agreement is invalid and, if so, whether Four Seasons' motion for confirmation should be denied pursuant to Article V(1)(a) of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York

that an arbitration panel shared jurisdiction with the Venezuelan courts with respect to disputes the contract committed to arbitration. Political Administrative Court March 25, 2003 Opinion, No. 26939 at , pages 17-18. The court did not answer the questions of whether Consorcio had conclusively chosen the Caracas trial court as the forum for litigating the parties' dispute or whether Four Seasons had conclusively chosen the arbitration panel in Miami as the forum.

Meanwhile, in a collateral action called an "amparo," Consorcio sought a constitutional declaration enjoining the enforcement of the partial arbitration award in Venezuela. On March 26, 2003, the Tenth Superior Court for Civil, Commercial and Traffic Matters of the Judicial Circuit of the Metropolitan Area of Caracas ("Superior Court") held void certain injunctions in the partial award on the ground that enforcing those injunctions in Venezuela would violate Consorcio's rights under the Venezuelan Constitution. Superior Court March 26, 2003 Opinion, No. 4467 at 14. That decision was vacated by the Supreme Court, Constitutional Division ("Constitutional Court"), on September 26, 2003, because Venezuela had already asserted jurisdiction over the underlying contract dispute and therefore Consorcio's constitutional rights were not in jeopardy. Constitutional Court September 26, 2003 Opinion, No. 4467 at 14. That same court, on a subsequent "amparo" action, declined to enjoin the arbitration proceedings in Miami. Constitutional Court November 19, 2004 Opinion, at 19-20.

It is unclear from the record whether there has been a final decision by any Venezuelan court that squarely holds the arbitration agreement invalid. Rather, it appears that the Venezuelan courts have allowed Consorcio and Four Seasons Caracas to engage in parallel litigation in Venezuelan courts and before the arbitral tribunal.

On March 22, 2004, before Consorcio took the instant appeal, the arbitration panel issued its final decision, awarding Four Seasons the relief it sought, including compensatory damages for breach of contract in the sum of $8,166,100. Four Seasons thereafter sought enforcement of the award in a separate action it brought in the district court, styled In the Matter of the Arbitration Between: Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., No. 04-20673-KMM (S.D. Fla. filed March 22, 2004). The district court has stayed proceedings in that case pending our resolution of this appeal.

3

Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted in 9 U.S.C. § 201 note (2002). Four Seasons, 377 F.3d at 1171. The district court has again confirmed the partial award, and this time we affirm.

I.

Consorcio's arguments on appeal demonstrate a misunderstanding of the scope of our mandate to the district court, which was stated in light of the contours of our obligations under the New York Convention: a court "shall confirm [an arbitration] award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in [the] Convention." 9 U.S.C. § 207. Further, the Convention provides that "[r]ecognition and enforcement of an award may be refused" if the defendant shows one of the defenses listed in Article V. Convention, Art. V (emphasis added).[2]

In its previous appeal, Consorcio raised three defenses to confirmation under Article V, under sections (1)(a), (1)(c), and 2(b). We declined to address the merits of Consorcio's arguments under Article V(1)(c)[3] and (2)(b),[4] respectively,

_____

[2] In remanding the case in Four Seasons, 377 F.3d at 1172 n.6 (11th Cir. 2004), we observed that "[t]he permissive 'may' indicates that, notwithstanding the applicability of a defense against confirmation, courts retain the discretion to confirm the arbitral award." Id.

[3] Article V(1)(c) of the New York Convention allows a court, upon proof, to refuse to enforce an award if:

The award deals with a difference not contemplated by or not falling within the

4

because Consorcio had not raised them before the district court.  Four Seasons,

377 F.3d at 1168-70.  We went on to hold, though, that Consorcio, by merely

participating in the arbitration proceedings, had not waived its defense under Art.

V(1)(a) – that the arbitration agreement is invalid.[5]  We explained that we were

remanding the case

> to the district court so that it may consider for the first time the merits
> of Consorcio's argument that the Venezuelan court's ruling favors
> non-confirmation of the award.  We note that, even if the court finds
> that Article V(1)(a) applies, the court must exercise its discretion to
> determine whether confirmation nevertheless is appropriate.  The
> court should balance the Convention's policy favoring confirmation
> of arbitral awards against the principle of international comity
> embraced by the Convention.

---

terms of the submission to arbitration, or it contains decisions on matters beyond
the scope of the submission to arbitration . . ..

Convention, Art. V(1)(c).

[4] Article V(2)(b) allows a court to refuse to enforce an award if the court finds that:

The recognition or enforcement of the award would be contrary to the public
policy of [the country of the enforcing court].

Convention, Art. V(2)(b).

[5] Article V(1)(a), upon proof, allows a court to refuse to enforce an arbitral award if:

The parties to the agreement referred to in Article II were, under the law
applicable to them, under some incapacity, or the said agreement is not valid
under the law to which the parties have subjected it or, failing any indication
thereon, under the law of the country where the award was made.

Convention, Art. V(1)(a).

5

Four Seasons, 377 F.3d at 1171.

After reviewing the Venezuelan courts's decisions referred to above, see supra note 1, and the opinion of the arbitral panel, the district court came to an independent conclusion that the arbitration agreement is valid under United States law. Because Consorcio had not shown the only defense that was available to it on remand, the court had no discretion under the Convention to refuse confirmation of the award.

## II.

In its brief to us, instead of arguing that the district court erred when it found that the arbitration agreement between the parties valid, Consorcio raises the two defenses that we declined to consider last time.[6] By failing to present its

---

[6] First, Consorcio argues that the parties did not agree to arbitrate arbitrability, a defense under Article V(1)(c), but the arbitral panel nonetheless reached and decided it. In the course of making this argument, Consorcio repudiates the argument it should have made, namely, that the arbitration agreement is invalid:

> Four Seasons' stated position, adopted by the District Court, is that 'the substantive law that applies to the agreements to arbitrate is the law of the United States.' . . . Consorcio continues to disagree with Four Seasons, the arbitrators and the district court, but that is not the basis for this argument because under both Venezuelan and U.S. law, these Agreements do not provide the arbitrators with the power to determine their own jurisdiction.

Appellant's Br. at 18, n.8 (emphasis added).

Second, effectively arguing a defense under Art. V(1)(c), Consorcio argues that the district court did "not comply with this court's mandate to balance the Convention's policy favoring confirmation of arbitral awards against the principle of international comity embraced by the Convention." Appellants' Br. at 19 (quoting Four Seasons, 377 F.3d at 1171). Our

Article V(1)(a) argument on appeal, Consorcio has abandoned the only defense

available to it.[7]  Thus we are presented with no argument on appeal that suggests

that the district court erred in following our mandate.

AFFIRMED.

---

admonition to balance policies favoring arbitration and international comity was directed to the court's discretion, however, "even if the court finds that Article V(1)(a) applies." Four Seasons, 377 at 1171.  As explained supra, in Part I of this opinion, Article V of the New York Convention gives a court discretion to refuse enforcement only after a defense has been shown. Because the court did not find that Consorcio had shown a defense under Article V(1)(a), it did not err by not considering Consorcio's international comity arguments.

[7]  There is no question that determining which substantive law governs the validity of the arbitration agreement is a logical precursor to determining whether the agreement is valid. Because Consorcio has waived its defense that the agreement is invalid, however, we need not address the district court's conclusion that the agreement is subject to United States law.