[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2012
JOHN LEY
CLERK

No. 10-15725
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00066-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSICA R. MCACY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 1, 2012)

Before BARKETT, HULL, and BLACK Circuit Judges.

PER CURIAM:

Jessica McAcy appeals her convictions for aggravated child abuse, in violation of Florida State Statute § 827.03(2)(b), (c), and 18 U.S.C. §§ 7 and 13, and assault resulting in serious injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1365. On June 14, 2008, McAcy and her then-husband, who both lived on Eglin Air Force Base, brought their three-month-old daughter to the emergency room at Eglin Air Force Hospital. After Air Force Hospital personnel informed the Air Force Office of Special Investigations ("OSI") of their suspicions of child abuse, OSI officers interviewed McAcy at the hospital concerning the child's injuries and regarding the physical abuse of her daughter.

On appeal, McAcy argues[1] that her statements to the OSI officers should have been suppressed because the waiver of her Fifth Amendment rights during the interview was not voluntary and her subsequent incriminating statement to the

---

[1]To the extent that McAcy argues that her Fourth Amendment rights were violated because the production of her statement was a "search," this argument is without merit. *See* United States v. Schuster, 717 F.2d 537, 541 (11th Cir. 1983) ("A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. . . . Mere observation, however, does not constitute a search.") (quotation omitted). Additionally, although she notes, in passing, that she has invoked the exclusionary rule, there is no such discussion or argument in her brief, so this claim is abandoned. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir.1998) (refusing to reach an issue mentioned in passing in the brief filed by counsel because the issue had no supporting argument or discussion); see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) (stating that a party may not "incorporate by reference" arguments presented to the district court, but must specifically and clearly identify the issues presented for review, with citations to the authorities and portions of the record on which the party relies).

OSI officers was coerced. "A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's factual findings as true unless the findings are shown to be clearly erroneous. Id. The district court's application of the law to the facts is reviewed *de novo*. Id. In deciding the ultimate issue of the voluntariness of a defendant's confession or the waiver of Miranda rights, we base our determination on the totality of the circumstances, "construing the facts in the light most favorable to the party prevailing below." United States v. Barbour, 70 F.3d 580, 584 (11th Cir. 1995).

In this case, the district court heard testimony from all of the OSI officers involved, both of the McAcys, and McAcy's mother. Based thereupon, the district court found that the incriminatory statements were not the product of coercion; that McAcy understood her Miranda rights and waived them voluntarily; and that her purported low intelligence was insufficient to invalidate her waiver. The court concluded that McAcy's oral statements and her written statements (which were written by McAcy outside the presence of the officers), were admissible.

Having reviewed this record, we find ample support for the district court's conclusion that McAcy voluntarily, knowingly, and intelligently waived her Fifth Amendment rights and understood the nature and consequences of the waiver

3

which was not procured by intimidation, coercion, or deception. The district court conducted a lengthy evidentiary hearing, and we can not say that its factual findings based on the testimony of all the witnesses was clearly erroneous. Nor can we say that its legal conclusion based on the totality of the circumstances was erroneous.

    **AFFIRMED.**