*Iraq Telecom Ltd. v. IBL Bank S.A.L.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-three.

PRESENT:

> PIERRE N. LEVAL,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

IRAQ TELECOM LIMITED,

> *Petitioner-Appellee,*

v.                                                                                     No. 22-832

IBL BANK S.A.L.,

> *Respondent-Appellant.*[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Respondent-Appellant:** | MITCHELL R. BERGER (Gassan A. Baloul, *on the brief*), Squire Patton Boggs (US) LLP, Washington, DC. |
| **For Petitioner-Appellee:** | DEREK L. SHAFFER, Quinn Emanuel Urquhart & Sullivan, LLP, Washington, DC (Kevin S. Reed, William B. Adams, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY; Kristen Tahler, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, CA; Alex H. Loomis, Quinn Emanuel Urquhart & Sullivan, LLP, Boston, MA, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

IBL Bank S.A.L. appeals from the district court's order denying its request to stay enforcement of Iraq Telecom Limited's approximately $3 million arbitral award against IBL (the "Award") pending a decision in an ongoing proceeding in Lebanon challenging the Award. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"), a district court "may, if it considers it proper, adjourn the decision on the enforcement of the award" if "an application for the setting aside or suspension of the award" has been made in the jurisdiction in which the award was made. Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. 6, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, *implemented by* 9 U.S.C. § 201 *et seq.* In *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, we provided "[g]uidance" regarding this provision, advising that district courts "should . . . consider" a non-exhaustive list of six factors designed to "adequately represent[] the various concerns that come into play when a district court is asked to adjourn enforcement proceedings to await the outcome of parallel foreign proceedings." 156 F.3d 310, 317–18 (2d Cir. 1998); *see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 (11th Cir. 2004) (explaining that district courts should "balance the Convention's policy favoring confirmation of arbitral awards against the principle of international comity embraced by the Convention").

We review a district court's decision regarding the stay of enforcement proceedings for abuse of discretion. *See Europcar*, 156 F.3d at 316–17; *see also LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 880 (D.C. Cir. 2021) (commenting that "it is difficult to conceive of a greater delegation of discretion than" the delegation to district courts under Article VI of the New York Convention). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Villiers v. Decker*, 31 F.4th 825, 831 (2d Cir. 2022) (internal quotation marks omitted). Applying that standard of review here, we hold that the district court did not err in determining that the six *Europcar* factors, on balance, weighed against staying enforcement of the Award despite the pending Lebanese annulment action.

*First*, the district court reasonably determined that the two most important *Europcar* factors – (1) "the general objectives of arbitration," i.e., "the expeditious resolution of disputes and the avoidance of protracted and expensive litigation,"

4

and (2) "the status of the foreign proceedings and the estimated time for those proceedings to be resolved" – weighed against staying enforcement. 156 F.3d at 317–18. Specifically, the district court found that the general objectives of arbitration strongly militated in favor of enforcing the Award immediately, as "[f]urther delay[] to await the resolution of the annulment action, which [was] in its earliest stage" and for which "IBL ha[d] not provided any reliable [timeline] estimate, or even any estimate," "would only protract this long-running and contentious dispute." Sp. App'x at 19. On appeal, IBL primarily contends that the district court erred by not adequately considering the potential for future delay and the ramifications for international comity should the Award be annulled in Lebanon, which would require further litigation to set aside the enforcement judgment here. We decline to disturb the district court's conclusion on that basis, however, as its additional finding that "IBL ha[d] not shown that it [was] likely to succeed on either of the two grounds on which it relies in its annulment proceeding" largely neutralizes these concerns. *Id.* at 20–21.

To be sure, IBL also challenges the district court's assessment of IBL's prospects for success in the Lebanese annulment action, but we find this argument

5

to be unavailing.   The district court's finding echoed statements it had made in a previous order regarding attachment, decided after briefing in which IBL declined to substantively respond to Iraq Telecom's likelihood-of-success arguments and evidence.   Even though the district court's statements were dicta in the context of the attachment order, IBL was on notice of the district court's dim view of its likelihood of success, as well as the central role likelihood of success could play in the stay analysis.   *See, e.g., Stileks*, 985 F.3d at 881.   Yet, when subsequently briefing its request for a stay, IBL again presented *no* developed argument that it was likely to succeed in its annulment action.   Under these circumstances, IBL has presented no persuasive argument that the district court exceeded its discretion by adhering to its prior view that IBL's grounds for annulment were meritless. *See Doe v. Trump Corp.*, 6 F.4th 400, 409–11 (2d Cir. 2021).[1]

---

[1] IBL suggests that one of its grounds for annulment has gotten stronger in the wake of *ZF Automotive US, Inc. v. Luxshare, Ltd.*, which held that 28 U.S.C. § 1782 does not authorize discovery in aid of private arbitration, and which was decided after briefing of the parties' stay motion had concluded but about a month before the district court's stay decision was issued.   *See* 142 S. Ct. 2078, 2089–91 (2022).   But on this record, we are not convinced that *ZF Automotive* has any bearing on the key question the Lebanese court will face in the annulment action:   whether the arbitral tribunal violated international public order by considering evidence validly obtained (at least at the time) through 28 U.S.C. § 1782.   *See* J. App'x at 372–73 & n.6; Gary B. Born, *International Commercial Arbitration* 3321–26 (2d ed. 2014); *see also* Opinion & Order at 5–7 & n.5, *In re Ex Parte Application of Iraq Telecom Ltd.*, No. 18-mc-458 (LGS) (OTW) (S.D.N.Y. Aug. 13, 2019), Doc. No. 47 (granting Iraq Telecom's section-1782 application based not on the pending Lebanese

*Second*, the district court reasonably determined that the characteristics of the foreign proceeding "counsel[ed] against a delay" in enforcement. Sp. App'x at 19–20; *see Europcar*, 156 F.3d at 318 (advising district courts to consider as part of this factor "(i) whether [the foreign proceedings] were brought to enforce an award . . . or to set the award aside . . . ; (ii) whether they were initiated before the underlying enforcement proceeding so as to raise concerns of international comity; (iii) whether they were initiated by the party now seeking to enforce the award in federal court; and (iv) whether they were initiated under circumstances indicating an intent to hinder or delay resolution of the dispute"). In stark contrast to the detailed arguments IBL now advances on appeal, in the district court IBL merely asserted that this factor favored a stay because "there is no evidence that IBL's annulment proceeding was filed for the purpose of creating unnecessary delay, or that it will in fact do so." Dist. Ct. Doc. No. 117 at 10. Presented with this conclusory argument, the district court did not exceed its discretion on this factor, given that the enforcement proceeding was indisputably filed before the Lebanese

private arbitral proceeding, but rather on a pending proceeding in the Dubai International Financial Centre Court, which no intervening party argued was not a "foreign tribunal" within the meaning of section 1782).

annulment proceeding (whether or not IBL knew it at the time) and that, as the district court permissibly found, "the weakness of [IBL's] arguments in the annulment action reinforce[d] the impression that IBL is simply seeking to delay the inevitable confirmation." Sp. App'x at 19–20.

*Third*, the district court reasonably determined that the "balance of the possible hardships to each of the parties," *Europcar*, 156 F.3d at 318, "also weigh[ed] against IBL's request" for a stay, Sp. App'x at 20. In *Europcar*, we explained that when analyzing this factor, district courts should "keep[] in mind that if enforcement is postponed under Article VI of the Convention, the party seeking enforcement may receive 'suitable security.'" 156 F.3d at 318. Seizing upon this language, IBL contends on appeal that the district court erred by failing to consider several ways in which IBL had already provided adequate security for the Award. Unfortunately, once again, IBL did not properly preserve most of these arguments. Instead, IBL argued below *only* that a stay would not cause hardship to Iraq Telecom because IBL had "already complied with the [Award] by issuing a check payable to [Iraq Telecom] in the full amount awarded," Dist. Ct. Doc. No. 117 at 10 (emphasis omitted) – an argument the district court

8

appropriately rejected given that, under Lebanese law, IBL's attempt to pay Iraq Telecom through the tender and deposit procedure constituted only an offer to pay a debt, which Iraq Telecom had refused to accept, as it was entitled to do, *see* Sp. App'x at 9–10.

*Fourth*, and finally, the district court reasonably determined that one *Europcar* factor – "whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review," *Europcar*, 156 F.3d at 317 – "support[ed] a delay in [enforcement] . . . only slightly," Sp. App'x at 20–21. In reaching this conclusion, the district court granted IBL its premise that "a Lebanese court in an annulment action may be able to rely on a broader range of grounds to vacate the Award," but found that "IBL ha[d] not shown that that additional authority will be of benefit to it." *Id.* at 20; *see also CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017) (explaining that jurisdictions other than the jurisdiction where the award is made "may refuse enforcement only in the limited grounds specified in Article V of the New York Convention" (internal quotation marks omitted)). Because we see no abuse of discretion in the district court's determination that IBL was not likely to

9

succeed in its Lebanese annulment action (as previously discussed), we cannot hold that the district court abused its discretion by viewing this factor as only slightly favoring a stay, and as not strong enough to outweigh the rest of the *Europcar* factors.

We have considered IBL's remaining arguments and find them to be without merit.[2]   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] In letters submitted pursuant to Federal Rule of Appellate Procedure 28(j), the parties have informed us that a Lebanese court is expected to reach a decision in the annulment action by April 27, 2023, after which time the parties may appeal to a higher court in Lebanon.   But any decision reached by the Lebanese court cannot retroactively render the district court's decision – which was proper based on the record before it at the time – an abuse of discretion.   *See, e.g.*, *United States v. Apple Inc.*, 787 F.3d 131, 138–39 (2d Cir. 2015).   Of course, depending on the outcome of the Lebanese annulment proceeding, IBL may be free to pursue other relief in the district court. *See, e.g.*, Fed. R. Civ. P. 60(b)(5).   But that, again, is of no moment in this appeal of the district court's denial of a stay.

10