[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2011
JOHN LEY
CLERK

No. 10-10202
Non-Argument Calendar

_____

D.C. Docket No. 5:08-cv-00291-SPM-AK

CLARENCE L. DUNSON,

      Plaintiff - Appellant,

versus

MCKINNEY, Sargent,
MCKINNEY, Captain,
R. DAFFIN, Lieutenant,
SHERYL CONRAD, Staff Assistant,
BUDDY KENT, Assistant Warden, et al.,

      Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 5, 2011)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Clarence L. Dunson, a Florida inmate proceeding *pro se* and *in forma pauperis*, filed claims under 42 U.S.C. § 1983 against six prison officials. The district court dismissed his complaint, finding it to be frivolous and determining that Dunson failed to state a claim upon which relief can be granted. Dunson appeals the dismissal. He does not present any express arguments before this Court and has filed only a series of documents on appeal, which include a handwritten letter requesting assistance to file this case, documents related to a previous appeal, a transcript of a 2006 hearing, his third amended complaint in this case, and his notice of appeal. For the reasons set forth below, we affirm the district court's dismissal of his complaint.

## DISCUSSION

We must dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if we determine that the action is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32 (1989). A

complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007); *id.* at 555, 1965 (noting that "factual allegations must be enough to raise a right to relief above the speculative level") (citation omitted); *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (finding that after *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the plaintiff must plead facts that permit to the court to draw a "reasonable inference" of the defendants' liability). We interpret a *pro se* plaintiff's complaint less stringently than a pleading drafted by an attorney. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, our duty to construe a plaintiff's complaint liberally is not equivalent to a duty to rewrite it. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"A legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). In addition, litigants may not incorporate by reference arguments from pleadings below. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004).

Here, the district court dismissed Dunson's claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it found that Dunson failed to state a claim upon which relief may be granted.[1] We review a district court's dismissal under § 1915(e)(2)(B)(ii) *de novo*, accepting any allegations in the complaint as true. *See Douglas v. Yates*, 535 F.3d 1316, 1319–20 (11th Cir. 2008).

As an initial matter, Dunson has abandoned all issues on appeal by failing to adequately brief them; affirmance is appropriate on that basis alone. *See Access Now*, 385 F.3d at 1330. But even if we were to assume that his submissions are minimally sufficient to warrant appellate review of the dismissal order, we conclude that Dunson failed to plead facts sufficient to support a claim. In his 2008 action brought under § 1983, Dunson said that several of the defendants took his legal papers in December 2005 and refused to return them, preventing him from properly filing state court post-conviction motions. However, his own submissions on appeal show that Dunson filed a motion for post-conviction relief and a supporting brief in state court. The alleged deprivation of his papers did not cause him to miss any deadlines. Dunson says that he was unable to make certain claims or include particular facts in his motion for post-conviction relief because

---

[1]The district court also found Dunson's claim to be frivolous, but because our *de novo* review of his record supports the district court's conclusion that Dunson has failed to state a claim, we need not consider whether his claim was frivolous.

he did not have access to his papers, but Dunson has neither identified those claims nor alleged how inclusion of the omitted facts would have produced a different result.  Accordingly, we affirm the district court's dismissal of Dunson's complaint.

**AFFIRMED**.