[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

No. 10-13857
Non-Argument Calendar

_____

D.C. Docket No. 2:07-cv-00104-WCO

SARA CASTLE,

Plaintiff,

versus

APPALACHIAN TECHNICAL COLLEGE, JASPER GEORGIA,
In their individual and official capacities,
et al.,

Defendants,

DR. MARTHA MARQUARDT, Dean of Health
Services, in their individual and official capacities,
JOAN THOMPSON, Vice President, in their
individual and official capacities,
DR. TRINA BOTELER, Executive Affairs Officer,
in their individual and official capacities,

Defendants-Appellees,

JAMES A. SATCHER, JR.,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 16, 2011)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

James A. Satcher, a Georgia attorney, challenges sanctions imposed against him for his conduct as counsel for Sara Castle in her lawsuit against several administrators from Appalachian Technical College ("ATC"), alleging that she was improperly suspended from the college's nursing program.  On appeal, Satcher argues that the court erred by awarding sanctions for the filing of a frivolous motion to compel because he withdrew it within the 21-day safe-harbor period provided by Fed.R.Civ.P. 11, but he did not present this argument to the district court.  Satcher also argues, for the first time, that sanctions were not appropriate for initially providing incorrect responses to requests for admissions because the information sought was not of substantial importance.  Lastly, Satcher argues that the district court abused its discretion for imposing sanctions for his failure to comply with the court's local rules and order regarding the preparation and filing of a pretrial order.

Generally, we review a district court's decision to award sanctions for an abuse of discretion. *See Baker v. Alderman*, 158 F.3d 516, 521 (11th Cir. 1998) (Rule 11); *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (Rule 37) (holding that the district court's findings must be "fully supported by the record"). When a party fails to raise an argument or issue below, however, we generally deem the issue to be waived. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 377 F.3d 1164, 1168-69 (11th Cir. 2004). Additionally, a party abandons an issue by not presenting it on appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Moreover, we can affirm "on any ground that finds support in the record." *Lucas v. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

We give "great deference to a district court's interpretation of its local rules" and we will not "second-guess" the district court on such grounds. *Clark v. Hous. Auth. of Alma*, 971 F.2d 723, 727-28 (11th Cir. 1992); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (noting that district courts have "'inherent power' not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

The district court's local rules provide:

> The parties shall prepare and sign, in lieu of the Fed.R.Civ.P. 26(a)(3) disclosures, a proposed consolidated pretrial order to be filed with the clerk no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any pending motions for summary judgment, whichever is later. *It shall be the responsibility of plaintiff's counsel to contact defense counsel to arrange a date for the conference.* If there are issues on which counsel for the parties cannot agree, the areas of disagreement must be shown in the proposed pretrial order.

N.D.Ga.L.R. 16.4(A) (emphasis added). Additionally, the failure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of a default judgment. N.D.Ga.L.R. 16.5. Moreover, under the Federal Rules of Civil Procedure, "the court may issue any just orders . . . if a party or its attorney . . . is substantially unprepared to participate . . . in the pretrial conference; or [] fails to obey a scheduling order or other pretrial order. appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(B), (C). And under Fed. R. Civ. P.16(f)(2), "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with [Rule 16]."

The record here shows that Satcher was ultimately sanctioned for: (i) filing a frivolous motion to compel; (ii) offering no viable explanation for initially denying the defendants' request for admissions that were later admitted; and (iii)

failing to submit a proposed consolidated pretrial order by the court's deadline. He did not argue, before the district court, that sanctions were not appropriate for (1) the filing a frivolous motion to compel, as the safe-harbor provision under Fed.R.Civ.P. 11(c)(2) precluded sanctions, or (2) the denied admissions, because they were of no "substantial importance," under Fed. R. Civ. P. 37(c). Consequently, he waived these claims.[1]

As to the preserved issue on appeal, which concerns Satcher's failure to timely submit a pretrial order, there is no dispute that the parties did not submit a consolidated pretrial order by the court's initial deadline. The evidence, including Satcher's own statements on the matter, support the district court's finding that he was responsible for the noncompliance and that he failed to contact defense counsel to arrange a conference regarding the order. Given the "great deference" that we afford to a district court's interpretation of its local rules, and Satcher's clear failure to comply with a court order, the court did not abuse its discretion by imposing sanctions for failing to timely submit the required order.

**AFFIRMED.**

---

[1] In any event, even if not waived, Satcher has abandoned any challenge to the district court's other reasons for imposing sanctions against him for the filing of a frivolous motion to compel, including his failure to confer with counsel, under Fed.R.Civ.P. 37(a)(1), and filing the motion without substantial justification, under Fed.R.Civ.P. 26(g), because he raises no arguments in this respect. Similarly, even if Satcher did not waive his "substantial importance" claim regarding the propriety of sanctions under Rule 37(c), the court did not abuse its discretion by sanctioning him for refusing to correct responses to requests for admissions, despite admitting the substance of those admissions at a different point.