[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12074
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-00041-B

KIMBERLY M. GODWIN,

Plaintiff-Appellant,

versus

CORIZON HEALTH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 30, 2018)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

PER CURIAM:

Kimberly Godwin, a former Corizon Health ("Corizon") employee, appeals

through counsel the district court's grant of summary judgment to Corizon, on her

claims of retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §

2614(a), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1981.  On appeal, Godwin argues that the district court erred in concluding that Corizon's stated reasons for Godwin's termination were not pretextual.[1]  Corizon responds that Godwin has abandoned her Title VII and § 1981 retaliation claims on appeal, and also disputes the merits of all of Godwin's claims.  After thorough review, we affirm.

We review a district court's grant of summary judgment de novo.  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007).  Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmovant, presents no genuine issue of material fact and compels judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "Mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

We will not address any claims an appellant fails to raise in her initial brief.  Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1293 (11th Cir. 2009).  Further, if a party notes an issue in her initial appellate brief, but makes only passing or conclusory references to it, or otherwise fails to offer substantive

---

[1] Godwin also states that she "adopts and incorporates by reference all facts and arguments" set forth in her district court pleadings.  However, a party may not "incorporate by reference" arguments presented to the district court.  See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1167 n.4 (11th Cir. 2004).

2

argument on it, we will deem the issue abandoned.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).   Nor will we consider an issue not raised in the district court and raised for the first time on appeal.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

First, we are unpersuaded by Godwin's argument that the district court erred in granting summary judgment in favor of Corizon on her FMLA claim.  Under the FMLA, eligible employees are entitled to take unpaid leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of [her] position."  29 U.S.C. § 2612(a)(1)(D).  The FMLA prohibits employers from retaliating against an employee who has engaged in statutorily protected activity.  Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1243 (11th Cir. 2010).

Absent direct evidence of the defendant's intent, courts evaluate FMLA retaliation claims under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Schaaf, 602 F.3d at 1243.  Under this framework, if a plaintiff establishes a prima facie case, and the defendant articulates a legitimate, non-discriminatory reason for the adverse action, the plaintiff must show that the defendant's purported reason was simply a pretext for discrimination.  Id. at 1244.  A legitimate, non-discriminatory reason proffered by the employer is not a pretext for prohibited conduct unless it is shown by sufficient

probative evidence that the reason is false and that the real reason is impermissible discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515-16 (1993).

The inquiry into pretext centers on the employer's beliefs and whether the employer believed the employee was guilty of misconduct. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1266 (11th Cir. 2010). Consequently, an employer can hardly be said to have retaliated against an employee if it terminated the employee based on a good faith belief that she violated a rule, even if the purported violation never actually occurred. Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991).

Here, Godwin failed to show that Corizon's reasons for firing her were mere pretexts for its true intention to fire her for having taken FMLA leave. Godwin alleged that, beginning in 2014, she took intermittent FMLA leave due to a medical condition, and upon her return, two officials told her that she was fired because she failed to properly conduct an inmate's medical assessment in January 2014. Godwin conceded she had violated Corizon's policy against conducting an inmate medical assessment at the cell, but she argued that the inmate, Darrell LeGrand, did not need a medical assessment in order to have his prescription refilled, so he was not negatively affected when she administered his medical assessment at his cell. Regardless, the undisputed evidence revealed that it was against Corizon's policy to do what Godwin had done. Godwin also points to testimony of Kevin

4

Baugh, Director of Nurses, that, ordinarily, performing an inmate's medical assessment at the cell would only result in a write up. However, the record further reveals that Baugh and Katherine Gibson, the Health Services Administrator, learned in an investigation that Godwin actually had not conducted LeGrand's medical assessment and had falsified his medical records to cover up her failure. Pursuant to Corizon's policies, the falsification of medical records constitutes grounds for immediate termination. Godwin attacks the validity of Gibson and Baugh's investigation by arguing that Corizon conspired with LeGrand and an officer to get her fired and that she did not falsify LeGrand's medical chart, but she offers only unsupported factual assertions, which are legally insufficient to defeat summary judgment. See Ellis, 432 F.3d at 1326.

In short, the undisputed record demonstrates that Godwin violated Corizon's policies by, among other things, performing LeGrand's evaluation at his cell, and Godwin has not shown that Gibson and Baugh's beliefs in her work violations were unworthy of credence. See Elrod, 939 F.2d at 1470; Alvarez, 610 F.3d at 1266. Viewing the evidence in the light most favorable to Godwin, we find no genuine issue of material fact about whether Corizon's legitimate, non-discriminatory reasons for firing her were pretexts for retaliation. Elrod, 939 F.2d at 1470. Moreover, because Godwin's FMLA claim fails as a matter of law, we

need not address Corizon's argument that Godwin was required to prove that her FMLA leave was the "but for" cause of Corizon's decision to terminate her. [2]

Next, we agree with Corizon that summary judgment in its favor was also warranted on Godwin's Title VII and § 1981 claims. Title VII prohibits employers from retaliating against an employee because she has participated in proceedings designed to enforce rights thereunder or otherwise opposed "an unlawful employment practice." 42 U.S.C. § 2000e-3(a). Similarly, while 42 U.S.C. § 1981 -- which prohibits race discrimination in connection with making and enforcing contracts -- does not expressly protect individuals who seek to enforce their rights thereunder from retaliation, both the Supreme Court and our Court have confirmed that this prohibition exists. See CBOCS W., Inc. v. Humphries, 553 U.S. 442, 451-52 (2008) (holding that retaliation claims are permitted under § 1981); Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1411-13 (11th Cir. 1998) (concluding that a claim that an employer retaliated against an employee by firing her for filing a race discrimination claim is cognizable under § 1981). Section § 1981 and Title VII retaliation claims are analyzed under the same framework. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

---

[2]    Godwin argued, for the first time on appeal, that Corizon's proffered reasons were pretextual because Corizon treated Jenkins, an employee outside of Godwin's protected class, less harshly than her for violating a work rule. Since she did not argue this before the district court, we decline to consider it. See Access Now, Inc., 385 F.3d at 1331.

In order to make out a prima facie case of retaliation, a plaintiff may show that:  (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) there is a casual connection between the protected activity and the materially adverse action.  Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010).  If the plaintiff does so, and the employer proffers a legitimate, non-discriminatory reason for its actions, then the plaintiff must show that the reason given is pretextual.  Id. at 1181-82.

As for the prima facie causal-connection element, we construe it broadly, requiring only that the protected activity and the negative employment action are not completely unrelated.  Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1260 (11th Cir. 2012).  To do so, a plaintiff must show that the specifically identified decision-maker was aware of her protected conduct at the time of the materially adverse action.  Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1278 (11th Cir. 2008).  Thus, if an alleged materially adverse action occurred or was decided before the employee engaged in a protected expression, the two cannot be causally connected.  Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1232-33 (11th Cir. 2006).  Further, while close temporal proximity of a protected activity and a subsequent adverse action may be probative of discriminatory intent, a three-month interval between the two is insufficient to

7

establish a causal connection, as a matter of law.  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363-64 (11th Cir. 2007).

Here, we affirm the district court's grant of summary judgment in favor of Corizon on Godwin's Title VII and § 1981 claims.  For starters, Godwin fails to explicitly address the district court's disposition of her Title VII and § 1981 claims.  Notably, she does not raise arguments about the district court's conclusion that she had failed to establish either a prima facie case of Title VII or § 1981 retaliation, due to a failure to demonstrate a causal connection between her termination and her statutorily protected conduct, or otherwise show pretext.  Instead, Godwin's only argument on appeal is that Corizon's reasons for her termination were pretextual.  Although she mentions Corizon's alleged retaliation against her for filing EEOC charges in her "undisputed facts," she provides no explicit argument as to how her termination was causally connected to her EEOC charges.  Therefore, she has abandoned any challenge she may have had to the district court's grant of summary judgment on her Title VI and § 1981 claims.  See Carmichael, 572 F.3d at 1292; Greenbriar, 881 F.2d at 1573 n.6.

But even if Godwin's argument on appeal is deemed sufficient to preserve her Title VII and § 1981 claims, summary judgment was proper.  Godwin did not establish a prima facie case of Title VII or § 1981 retaliation because she failed to demonstrate that the decision to terminate her was causally connected to the EEOC

8

charges she lodged against Corizon in the past.  Although Godwin filed an EEOC charge against Corizon in March 2014 and was terminated only one month later, in April 2014, it was undisputed that the decisionmakers, Gibson and Baugh, made their recommendation to terminate Godwin in February 2014.  Thus, despite the close proximity in events, Godwin's March 2014 EEOC charge was unrelated to her termination since it was filed after Corizon had made its decision to terminate Godwin's employment.  See Cotton, 434 F.3d at 1233.  As for Godwin's 2012 EEOC charge, it was too remote in time to establish a causal connection on its own, and to the extent she provided additional evidence to bolster her showing of causality, it was insufficient to create a genuine issue for trial.  See Anderson, 477 U.S. at 249-50; Thomas, 506 F.3d at 1363-64.  Further, even if Godwin had met the initial burden of establishing a prima facie case in her Title VII and § 1981 claims, she failed to discharge her ultimate burden of demonstrating that Corizon's proffered reasons for her termination -- her failure to perform a medical assessment of an inmate in accordance with Corizon's policies, and subsequent falsification of medical records to cover up this fact -- were pretexts for retaliation, as we've already discussed.  See Hicks, 509 U.S. at 515-16; Brown, 597 F.3d at 1181.

In short, the district court did not err in granting summary judgment in favor of Corizon on Godwin's FMLA, Title VII and § 1981 retaliation claims, and we affirm.

9

**AFFIRMED**.