[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15166
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01717-TWT


TANYA SINGH DIXIT,

                                                        Plaintiff-Appellee,

versus

AKASH DIXIT,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 5, 2019)

Before MARCUS, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Akash Dixit appeals, *pro se*, the district court's denial of his three post-judgment motions (1) for review of possible judicial incompetence, (2) for relief from final judgment, and (3) to "vacate all inhuman and unconstitutional orders of separating minor children from their parents who are legal residents of the [United States]" ("motion to vacate separation orders"), which he filed after the district court *sua sponte* remanded his removed domestic relations' action back to state court for lack of jurisdiction, denied his construed Federal Rule of Civil Procedure 59(e) motion for reconsideration, and denied his motion for e-filing access and waiver of fees.  As relevant background, Dixit already unsuccessfully appealed from the district court's remand order and denial of his construed Rule 59(e) motion, and, although he did not raise the issue on appeal, the district court's denial of his motion for e-filing access and waiver of fees.  *Dixit v. Dixit*, 769 F. App'x 879, 881 (11th Cir. 2019) (unpublished).

In this appeal, Dixit primarily challenges the district court's initial order remanding his case back to state court.  He argues that the district court: (1) had limited jurisdiction to vacate a state court order "that [was] void on its face"; (2) erred in its original jurisdictional determination because the state courts were "siding with [his ex-spouse's] white skinned attorney"; (3) erred in determining that his case was a domestic relations case rather than a "fraudulent immigration attempt" by his ex-spouse; and (4) erred in alternatively determining that the time

2

period for removal had expired after the September 2016 service, as he alleges that he was never served. Notably, he does not address the district court's denial of his three post-judgment motions for review of possible judicial incompetence, for relief from final judgment, and to vacate separation orders, although he did mention these issues in separately filed motions.

We will address each issue in turn.

I.

We have an obligation to satisfy ourselves of our own jurisdiction and may raise the issue *sua sponte*. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007). We review jurisdictional issues *de novo*. *Id.*

The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction in a civil action. *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 2366 (2007). Generally, a notice of appeal in a civil action must be filed no later than 30 days after the judgment or order appealed from is entered on the docket. *See* Fed. R. App. P. 4(a)(1)(A). Federal Rule of Appellate Procedure 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002). Under Rule 4(a)(6), the court may reopen the time to

3

appeal, for a period of 14 days, if all of the following conditions are met: (1) the court finds that the moving party did not receive notice of entry of the judgment or order within 21 days of entry; (2) a motion "is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice" of the entry, whichever is earlier; and (3) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

Here, although the district court granted Dixit leave to file an out-of-time appeal with regard to its denial of his motions for review of possible judicial incompetence, for relief from final judgment, and to vacate separation orders, the district court's order did not allow him to challenge its earlier decisions in a separate and second appeal. There is no question that Dixit received notice of the district court's earlier orders. Moreover, the district court's remand order was entered on May 7, 2019, more than 180 days before Dixit's Rule 4(a)(6) motion that was filed on November 19, 2018. *See* Fed. R. App. P. 4(a)(6); *Vencor Hosps., Inc.*, 279 F.3d at 1311 (Rule 4(a)(6) provides the exclusive method for extending time to appeal for failure to receive actual notice of a judgment or order). Accordingly, to the extent that Dixit seeks to relitigate the issues from his earlier appeal or the district court's denial of his motion for e-filing access and waiver of fees, we dismiss the appeal as to these issues for lack of jurisdiction.

II.

4

A legal claim or argument that is not plainly and prominently raised in an initial brief before us is deemed abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014). An issue is not plainly and prominently raised when a party fails to advance any arguments or cite any authority to establish error. *Id.*

Although "we give liberal construction to the pleadings of *pro se* litigants," such litigants are still required "to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). A party may not adopt legal arguments raised in separate legal proceedings, as we have held that we will not consider any arguments that a party attempts to make by incorporating by reference arguments made in other district court pleadings. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) (declining to consider arguments made in the district court and "incorporate[ed] by reference" into the brief on appeal because doing so would bypass briefing space limitations and transfer the appellant's duty to make arguments to us).

Here, Dixit has abandoned any challenge to the court's orders denying his motions for e-filing access and waiver of fees, for review of possible judicial incompetence, for relief from final judgment, and to vacate separation orders by failing to properly raise these issues in his appellate brief. *See Sapuppo*, 739 F.3d

5

at 680–81.  It follows that if a party cannot incorporate arguments in the district court by reference in order to bypass this Court's filing requirements, a party cannot incorporate arguments in multiple, separate motions to do so, either. *Cf. Consorcio Barr S.A.*, 377 F.3d at 1167 n.4.  Accordingly, we affirm because Dixit abandoned these arguments.  *See Sapuppo*, 739 F.3d at 680–81.[1]

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[1] We note that, even if Dixit had not abandoned this issue, the district court did not err in denying Dixit's motions for review of possible judicial incompetence, for relief from final judgment, and to vacate separation orders, as his earlier appeal divested the district court of the authority to grant him the relief he sought.  *See* Fed. R. Civ. P. 62.1(a).  Any argument that the district court should have engaged with the merits of his motions fails, as Rule 62.1 has no such requirement.  *See id.*